IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMARA K. FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-00830-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Insurance benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1385. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. This Court has carefully reviewed the record before it, and finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The decision of the Commission is affirmed.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits on January 25, 2011. The claim was initially denied and Plaintiff filed a request for an Administrative Law Judge hearing. The ALJ held two hearings, one on June 6, 2012 and another on January 14, 2013. After the hearings, the ALJ issued a decision on February 14, 2013 finding the Plaintiff was not disabled as defined by the Act. Plaintiff then filed a request for Review of the ALJ's decision before the Appeals Council, which was denied on July 31, 2014.

1

The ALJ found that Plaintiff had severe impairments that include degenerative changes of the lumbar, thoracic and cervical spine; affective disorders, which include the diagnosis of depression, bipolar disorder and major depressive disorder; anxiety-related disorders, which include the diagnosis of generalized anxiety disorder (GAD) and anxiety disorder; and alcohol dependence and rule/out opiate abuse. However, the ALJ held that Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ determined that Plaintiff retained the RFC to perform work that exists in significant numbers in the national economy, including work as an electronic assembler; plastics production assembler; and small products assembler.

Based on the ALJ's findings, the ALJ found that Plaintiff is not disabled under the Social Security Act. Plaintiff's current appeal argues the ALJ failed to properly consider the opinion of Plaintiff's treating doctor and that the ALJ's RFC determination is not based on substantial evidence in the record.

## DISCUSSION

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), citing, *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id.*, citing, *Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004); and *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the

2

decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id.,* citing, *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

In order to qualify for benefits under the Social Security Act and the accompanying regulations, Plaintiff must establish she is disabled. *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010); citing, *Pate–Fires v. Astrue,* 564 F.3d 935, 942 (8th Cir.2009). "Disability is defined as the inability 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.'" *Id.*, quoting 42 U.S.C. § 1382c(a)(3)(A). To determine disability, the ALJ follows an established five-step process that considers whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work. *Id.*, citing, 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a).

**A. Substantial Evidence Supports the ALJ's Consideration of the Medical Opinions.**

Generally, a treating physician's opinion is given at least substantial weight under the Social Security Administration regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c), see also, *Brown v. Colvin,* 2014 WL 1687430 *2 (W.D. Mo. 2014). However, such an opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Colvin*,

3

2014 WL 1687430, at *2 (W.D. Mo. Apr. 29, 2014); citing, *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). Rather, an "ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions." *Id.*; citing, *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

"In determining how much weight to accord a physician's opinion, the ALJ must take into account a variety of considerations including: whether the opinion is supported with facts and evidence; whether the opinion is consistent with other evidence and opinions, including the physician's own notes; and whether the physician's specialty gives her greater credibility." *Id,* citing, 20 C.F.R. §§ 404.1527(c), 416.927(c); and *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012).

Plaintiff argues the ALJ did not give enough weight to the opinion of Dr. Gray. The record reflects that Plaintiff was referred to Dr. Gray, a licensed psychologist, one two occasions in conjunction with her application to continue to receive Medicaid benefits. At the time, Plaintiff was already receiving Medicaid. The record reflects, as the ALJ noted, that Dr. Gray's report states Plaintiff informed her that she could not work because of her back disorder. She claimed her physical condition made her unable to work at the residential care facility. She further stated that she was having problems with depression based on her back disorder. The evaluation by Dr. Gray further reflects that Plaintiff did not become unable to work based on mental health issues. Plaintiff argues the determinations made by Dr. Gray, that pertained to her eligibility for Medicaid, should have been given greater weight. However, a determination that pertains to another agency is not a decision based on social security law and is not binding on the ALJ's decision. *See* 20 C.F.R. § 416.904. The ALJ found that the medical records do not

4

support a disability based on Plaintiff's alleged back disorders.  Further, the ALJ also found that Plaintiff was not disabled based on her alleged mental health issues.

The ALJ's determination provides an extensive and thorough review of the medical records, the hearing testimony and other evidence in the record.  Plaintiff's argument that the "treating physician's opinion" was rejected is simply inaccurate.  The ALJ extensively reviewed the record and set forth his reasons and analysis for his review of the records pursuant to the Act's requirements.  In doing so, the ALJ found that Dr. Gray's opinion was not supported by the evidence as a whole, and therefore gave it little weight.  The Court does not find reversible error in this determination.

Further, the Court finds no reversible error with regard to the ALJ's evaluation of Dr. Velez' opinion.  While the Court acknowledges that Dr. Velez has subsequently been placed on probation from the practice of neurosurgery, there is nothing in the record that constitutes a reversible error with regard to the ALJ's evaluation of the record as a whole.  Other than Plaintiff's argument that Dr. Velez has now been disciplined, Plaintiff offers nothing to show how that affected his evaluation of Plaintiff.  Further, the ALJ noted and took into consideration that Dr. Velez did not have Plaintiff's medical records when he evaluated her.  However, the ALJ referred to the medical records that were in the record when analyzing this additional opinion and found it consistent with the record as a whole.

The Court finds the ALJ did not commit error in his assessment of the medical records as a whole, including his consideration of Plaintiff's testimony and the ALJ's evaluation of Plaintiff's credibility.  Therefore, based on the record before the Court, the Court finds the ALJ's determination is supported by substantial evidence on the record as a whole.

5

## B. Substantial Evidence Supports the ALJ's RFC Assessment.

Plaintiff argues that the ALJ's determination of her RFC is not consistent or supported by the evidence. Residual functional capacity is what a claimant can still do despite her limitations. See 20 C.F.R. § 416.945(a). It is an assessment based upon all of the relevant evidence including a claimant's description of his limitations, observations by treating and examining physicians or other persons, and medical records. See 20 C.F.R. § 416.945(a). The responsibility for determining a claimant's RFC lies with the ALJ. See 20 C.F.R. § 416.946(a). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

However "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Id*. When a treating physician's opinions "are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Halverson v. Astrue*, 600 F.3d 922, 929-30 (8th Cir. 2010); citing, *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005), citing, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must first evaluate the claimant's credibility before determining a claimant's RFC. *Id*.

Here, as stated above, the ALJ provided an extensive and thorough review of the relevant medical evidence, the hearing testimony and the record as a whole. The ALJ found that Plaintiff can perform a light range of work taking into consideration all of Plaintiff's medical examinations and opinions, as well as Plaintiff's own testimony. In addition, the vocational

6

Case 4:14-cv-00830-MDH   Document 22   Filed 09/24/15   Page 6 of 7

expert's testimony supported the ALJ's determination. While Plaintiff does not challenge the vocational expert's testimony, it is consistent with the determination that Plaintiff is not disabled. The Court finds the ALJ's determination regarding Plaintiff's RFC is supported by substantial evidence on the record as a whole and Plaintiff has failed to establish reversible error.

## CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's determination is supported by substantial evidence on the record as a whole. It is therefore **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS SO ORDERED.**

Date: September 24, 2015

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**